FUERSTENBERG ET AL., APPELLANTS, *v.*
MOWELL ET AL., APPELLEES.*

[Cite as Fuerstenberg v. Mowell (1978),
63 Ohio App. 2d 120.]

(No. OT-78-1—Decided May 5, 1978.)

* Reporter's Note: A motion to certify the record was overruled by the Supreme Court of Ohio, September 28, 1978.

*Mr. Jerry B. Murray,* for appellants.
*Mr. George C. Steinemann,* for appellees.

POTTER, P. J.   This appeal involves the validity and construction of a medical payment clause in an insurance policy which provides in pertinent part that the insurer will "pay reasonable medical expenses incurred for services furnished within one year from the date of the accident." We hold that the policy language is clear and unambiguous and that the words, when given their fair and natural import, do not contravene public policy and, therefore, affirm the trial court's decision that appellants could not recover from their insurer the expenses they incurred for medical services furnished more than one year after the accident.

On February 4, 1975, appellants were involved in an automobile accident in which they sustained serious injuries. They commenced an action in Ottawa County Common Pleas Court against the driver of the other vehicle, Dennis L. Mowell, and against their own insurer, State Farm. That part of the case involving Dennis L. Mowell is not at issue in this appeal. With regard to their insurer, State Farm, appellants alleged in the initial complaint that the insurer refused to make the medical payments to which appellants were entitled under their contract of insurance with State Farm. This issue was submitted to the court for its decision upon a stipulation of all applicable facts, the insurance policy, State Farm's answers to interrogatories and all pleadings; the parties waived presentation of further evidence and oral argument.

The pertinent portion of the insurance policy at issue was "Coverage C—Medical Payments" wherein the insurer agreed with the insured:

"Division 1.  To pay reasonable medical expenses incurred for services furnished within one year from the date of accident to or for the first person named in the declarations and while residents of his household, his spouse and any relative of either who sustains bodily injury, caused by accident, while occupying the owned motor vehicle, or through being struck by any land motor vehicle or trailer.***"

It was agreed that appellants sustained bodily injury in the type of accident covered by Coverage C and further agreed

that medical treatment for appellants' injuries commenced on the date of the accident, continued beyond a year and a day after the accident and was continuing at the time of the suit. It was stipulated that the insurer paid $2,060.56 as medical expenses incurred by appellant Gloria Fuerstenberg between February 4, 1975, and January 16, 1976, and that the insurer paid $212.90 as medical expenses incurred by appellant David Fuerstenberg between February 4, 1975, and January 26, 1976. The parties agreed that the insurer did not pay medical expenses of Gloria Fuerstenberg in the amount of $20 incurred on February 9 and 23, 1976, and medical expenses of David Fuerstenberg in the amount of $635.79 incurred after February 5, 1976. The trial court ruled that appellants could not recover for the expenses which were not paid by State Farm. Appellants appealed to this court and file the following assignments of error:

"I. Where plaintiffs' policy of insurance issued by defendant excludes medical payments coverage for medical expenses which are incurred as a result of a continuous course of treatment but which are incurred one year and one day after the collision, that exclusion is void as against public policy.

"II. Where plaintiffs' policy of insurance provides for medical payments coverage within one year from the date of injury, that policy provision should be interpreted to provide coverage for reasonable and continuous medical treatment incurred more than one year from the date of injury."

Coming first to the second assignment of error, we find that it is ostensibly based upon the elementary principle of insurance law that a policy of insurance is to be construed liberally in favor of the insured and strictly against the insurer. In the instant case, however, appellants' reliance on the principle is misplaced. When, as here, the language of the policy is clear and unambiguous, the rule of liberal construction will not be applied to nullify the plain import of the terms used. *Spragg* v. *Prudential Ins. Co.* (1935), 50 Ohio App. 451; 30 Ohio Jurisprudence 2d 230, Insurance, Section 218; 1 Couch on Ins. 2d 820, Section 15:82. Nor can the principle be used to impose upon the insurer a liability it clearly excluded. *Fidelity & Casualty Co.* v. *Hartzell Bros.* (1924), 109 Ohio St. 566; 30 Ohio Jurisprudence 2d 232, Insurance, Section 220; 1 Couch on Ins. 2d 838, Section 15:93.

The plain meaning of the word "incur" is to "become liable or subject to." Webster's Third New International Dictionary (1971). The term is one of common usage and meaning. *Walsh* v. *Grange Mutl. Cas. Co.* (1964), 1 Ohio App. 2d., 304, 305. When dealing with medical payment insurance coverage limited to expenses incurred within a certain time period, other courts have applied the commonly accepted meaning of the term "incur" and have allowed the insured to recover payments for medical services performed outside the policy time period only when those services were arranged for, contracted for or paid for prior to the expiration of the policy time limits. See *Drobne* v. *Aetna Cas. Co.* (1950), 66 Ohio Law Abs. 1; *Farr* v. *Travelers Indemnity Co.* (1975), 84 Misc. 2d 189, 375 N.Y.S. 2d 229; *Hughson* v. *Hartford Accident & Indemnity Co.* (1973), 72 Misc. 2d 1027, 340 N.Y.S. 2d 960; *Perullo* v. *Allstate Ins. Co.* (1967), 54 Misc. 2d 303, 282 N.Y.S. 2d 830; *Czarnecki* v. *American Indemnity Co.* (1963), 259 N.C. 718, 131 S.E. 2d 347. See also cases cited in Annotation, 10 A.L.R. 3d 468-474. Appellants do not contend that any of the services performed later than a year and a day after the accident were contracted for or paid for prior to the expiration of the policy time limit. Moreover, the limitation in the policy herein at issue is even more explicit than those contained in the above cited cases, because in the policy *sub judice,* medical expenses are covered only when "incurred for services *furnished* within one year." The plain meaning of the word "furnish" is to "provide or supply." Webster's Third New International Dictionary (1971). Clearly, the medical services were not furnished within a year after the accident. Cf. *Pilot Life Ins. Co.* v. *Stephens* (1958), 97 Ga. App. 529, 103 S.E. 2d 651. The second assignment of error is, therefore, not well taken.

In their first assignment of error, appellants argue that when the Medical Payments provision is interpreted, as we have held, so that it operates to exclude coverage for medical expenses incurred as a result of a continuous course of treatment but incurred more than a year and a day after the accident, the insurance provision and its attendant exclusion are void as against public policy. Under the facts and circumstances of this case the policy exclusion is not violative of public policy. To hold that the time limitation is void would be an unwarranted infringement upon the right of freedom to

contract. The language of the exclusion was sufficiently clear to put appellants on notice as to the extent of coverage for their injuries. See *Rhoades* v. *Equitable Life Assur. Soc. of U. S.* (1978), 54 Ohio St. 2d 45. No sound reason exists why the parties may not fix a time limit on the expenses covered. *Rhoades, supra; Czarnecki, supra.* Nor do the circumstances of appellants' treatment warrant imposing upon the insurer a liability explicitly excluded. The first assignment of error is, therefore, not well taken.

*Judgment affirmed.*

BROWN and WILEY, JJ., concur.

WILEY, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.