**UNITED STATES of America, Plaintiff,**

v.

**A.C. STRIP and Strip, Fargo, Schulman and Hoppers Company, LPA, et al., Defendants–Appellants, Cross Appellees,**

v.

**HOME INSURANCE COMPANY, Third Party Defendant–Appellee,**

**Pacific Employers Insurance Co., Third–Party Defendant–Appellee–Cross–Appellant.**

Nos. 87–3421, 87–3485.

United States Court of Appeals, Sixth Circuit.

Argued May 9, 1988.

Decided Feb. 17, 1989.

Rehearing Denied March 15, 1989.

---

Richard G. Reichel, Todd S. Bundy (argued), Amerman, Burt & Jones Co., L.P.A., Canton, Ohio, for appellant.

Bruce P. Mandel (argued), Ulmer, Berne, Laronge, Glickman & Curtis, Steven G. Janik, Janik & Associates, Cleveland, Ohio, for Home Ins. Co.

Timothy G. Kasparek (argued), Reminger & Reminger, Cleveland, Ohio, for Pacific Employers Ins. Co.

Before KEITH and RYAN, Circuit Judges, and GIBSON, District Judge.[*]

RYAN, Circuit Judge.

Home Insurance Company (Home) and Pacific Employers Insurance Company (Pacific) issued professional liability insurance policies to Strip, Fargo, Schulman & Hoppers Company, L.P.A. (Law Firm). The Law Firm and one of its lawyers, A.C. Strip (Strip), were named as defendants in a suit by the United States. Strip and the Law Firm filed a third-party complaint seeking a declaratory judgment that Home and Pacific were obligated to provide a defense and coverage for liability in the underlying suit. The district court granted summary judgment in favor of Home and against both Strip and the Law Firm. The court also granted summary judgment in favor of Pacific and against Strip, but found Pacific "potentially liable" to the Law Firm. We affirm the district court on the orders granting summary judgment, but we reverse as to the court's judgment that Pacific is "potentially liable" to the Law Firm.

## I.

The underlying lawsuit began as a claim by the United States against Mack Mining, Inc. and two other defendants for recovery of civil penalties for violations of the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. § 1201, *et seq.* A first amended complaint was filed on July 25, 1985, naming Strip as a party defendant. Strip had served as receiver for Mack Mining, Inc. On April 15, 1986, the government filed a second amended complaint, this time naming the Law Firm as a party defendant. On April 29 and May 1, 1986, other defendants named in the original complaint filed cross-claims against Strip and the Law Firm. The Law Firm and Strip notified their professional liability insurance carriers, Home and Pacific, of the claims against them, but the insurance companies denied coverage and defense. On July 18, 1986, the Law Firm and Strip filed a third-party complaint against the insurance carriers seeking a declaratory judgment that the carriers were obligated to defend and provide coverage for the claims by the United States against the Law Firm and Strip. On September 15, 1986, the underlying lawsuit was settled.

Pacific Employers Insurance Company had issued a "claims made" lawyers professional liability insurance policy to the Law Firm, for a policy period from August 2, 1984, to August 2, 1985. Home Insurance Company had issued a "claims made" professional liability insurance policy to the Law Firm effective from August 2, 1985 to August 2, 1986.

The first amended complaint was served upon Strip by certified mail, with a return receipt signed on his behalf on July 26, 1985, one week prior to the end of the effective date of the Pacific policy. Written notice of the lawsuit was sent to the Siebert–Keck Insurance Agency on August 19, 1985. Siebert–Keck represented both Home and Pacific, and is the agent from whom Strip and the Law Firm purchased both policies. Included in the August 19 notification was a statement that the Law Firm and Strip were unaware of the contents of the first amended complaint served on July 26 because Strip had been out of

---

[*] The Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation.

the city until August 14. On September 20, 1985, Home responded that it would not provide coverage or a defense as the claim against Strip was *made* prior to August 2, 1985, the effective date of Home's policy. On May 5, 1986, Pacific denied coverage and a defense stating that the claim was not *reported* prior to the expiration date of Pacific's policy, August 2, 1985.

On February 18, 1986, the United States filed a motion for leave to file a second amended complaint, naming the Law Firm as a party defendant. The second amended complaint was filed on April 15, 1986. Notice of the second amended complaint was sent by the Law Firm to Siebert–Keck on February 25, 1986, and April 18, 1986. On April 29 and May 1, 1986, the originally named defendants filed cross-claims against appellants, notices of which were given to the insurance agent on April 30 and May 5, 1986, respectively.

The Law Firm and Strip then filed a third-party complaint against Pacific and Home seeking a declaratory judgment that the insurance companies were obligated to defend Strip and his law firm, and to provide coverage for any liability that might be adjudged against them in the claim by the United States and the cross-claims by the other initial defendants. The Law Firm and Strip moved for a preliminary injunction to halt the underlying suit until the insurance coverage issues could be resolved. The trial court held a hearing on the motion for a preliminary injunction and, on August 15, 1986, denied the injunction and bifurcated the third-party action against Home and Pacific.

The trial court granted leave to Home to file a motion for summary judgment against Strip on the basis that (1) the policy did not cover the claim because the claim was asserted prior to the effective date of Home's coverage, and (2) the policy did not cover the nature of the claim. Home was also granted leave to file a motion for summary judgment against the Law Firm on the basis that the policy did not cover the nature of the claim asserted. Pacific was granted leave to file a motion for summary judgment against Strip on the basis that Strip failed to give timely notice.

On March 31, 1987, the district court granted Home's motions for summary judgment as against both Strip and the Law Firm. Pacific's motion for summary judgment was granted as against Strip, but denied as against the Law Firm. On April 29, 1987, the trial court modified its judgment of March 31, 1987 to provide that Pacific was only "potentially liable" to the Law Firm. From the trial court's order granting summary judgment, the Law Firm and Strip appeal, and Pacific cross-appeals the denial of its motion for summary judgment as against the Law Firm.

As a preliminary matter we note that since the third-party complaint is based upon diversity jurisdiction, the law of Ohio is controlling. *Gettins v. United States Life Ins. Co.*, 221 F.2d 782 (6th Cir.1955). In the absence of a provision to the contrary, a policy issued in Ohio is governed by Ohio law. *Celina Mut. Ins. Co. v. Sadler*, 6 Ohio App.2d 161, 165–66, 217 N.E.2d 255 (1966).

## II.

The insurance policies issued by both Home and Pacific are "claims made" policies, as opposed to "occurrence" policies. A claims made policy provides coverage for claims brought against the insured only during the life of the policy. An occurrence policy provides coverage for acts done during the policy period regardless of when the claim is brought. *Mominee v. Scherbarth*, 28 Ohio St.3d 270, 298 n. 24, 503 N.E.2d 717 (1986) (Wright, J., dissenting). *See also St. Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 535 n. 3, 98 S.Ct. 2923, 2926 n. 3, 57 L.Ed.2d 932 (1978); *Trizec Properties v. Biltmore Const. Co.*, 767 F.2d 810, 812 (11th Cir.1985); *Stine v. Continental Casualty Co.*, 419 Mich. 89, 96–100, 349 N.W.2d 127 (1984).

### A.

### Pacific v. Strip

The claims made policy issued by Pacific covered the period from August 2, 1984 to

August 2, 1985. The claim against Strip was made on July 25, 1985, well within the policy period, with service perfected upon him on July 26, 1985. Strip, however, did not notify Pacific of the claim until August 19, 1985, more than two weeks after the expiration of the policy period. The insurance policy issued by Pacific to the Law Firm, and covering Strip, states in pertinent part:

### I. THE COVERAGE

INSURANCE AGREEMENT AND CLAIMS MADE CLAUSE

The Company shall pay on behalf of the insured in excess of the deductible all sums which the insured shall become legally obligated to pay as Damages as a result of Claims first *made* against the insured and *reported to the Company during the Policy Period* by reason of any act, omission, or Personal injury caused by the insured or any person for whom the insured is legally liable in the rendering of or failure to render Professional Services for others.

PROVIDED ALWAYS THAT such act, omission or Personal Injury occurs:

(a) during the Policy Period; or

(b) prior to the effective date of the policy, provided no insured had knowledge of any Claim or act, omission or Personal Injury that might give rise to a Claim.

(Emphasis added.) Pacific argues that the language under the coverage provision clearly provides that only claims made *and reported* during the policy period are covered by Pacific's policy, and that because Strip did not report the claim until after the policy period, the claim is not covered by the policy.

Strip and the Law Firm respond that all of the various provisions of the policy must be read together to determine whether there is coverage and, when they are read together, the policy language is seen to be ambiguous, requiring resort to other evidence to determine what the parties intended the conditions of coverage to be.

■ Ohio law guides our determination of the issue. "In determining the plain meaning of an insurance contract, the contract should be read as a whole and each word given its appropriate meaning, if possible." *Burdett Oxygen Co. of Cleveland v. Employers Surplus Lines Ins. Co.,* 419 F.2d 247, 248 (6th Cir.1969) (citing *Farmers' Nat'l Bank v. Delaware Ins. Co.,* 83 Ohio St. 309, 94 N.E. 834 (1911)). Where a policy is ambiguous, it is to be liberally construed in favor of the insured. *Fuerstenberg v. Mowell,* 63 Ohio App.2d 120, 122, 409 N.E.2d 1035 (1978). This rule of construction, however, is not applicable if the language is clear, *Fuerstenberg,* 63 Ohio App.2d at 122, 409 N.E.2d 1035, if applying it, would provide an unreasonable or forced interpretation, *Bright v. Ohio Casualty Ins. Co.,* 444 F.2d 1341, 1343 (6th Cir.1971) (citing *Morfoot v. State,* 174 Ohio St. 506, 190 N.E.2d 573 (1963)), or if it would result in an extension of coverage. *West v. McNamara,* 159 Ohio St. 187, 197, 111 N.E.2d 909 (1953). It is with these principles in mind that we look to the language of the Pacific policy.

■ Pacific claims that the policy language defining the conditions of coverage as regards the timeliness of reporting a claim are simple, plain, and unambiguous and are found in paragraph I of the policy, denominated THE COVERAGE, quoted above. Strip argues that the language of two other parts of the policy, the cover sheet and paragraph X.A, entitled NOTICE OF CLAIM, when read together with paragraph I, THE COVERAGE, reveal an ambiguity about the requirements of timely notice of the claim for purposes of determining coverage.

The Pacific policy consists of a cover sheet identifying the contracting parties, giving general notice that the policy is a lawyer's professional liability insurance claims made policy, and identifying the policy period, the dollar limits of liability, and the amount of the premium, followed by two and one-half pages of text material in twelve paragraphs numbered I through XII, most having a number of subparagraphs reciting the terms of the insurance

agreement. Attached to the back of the policy are six sheets each containing endorsements and amendments of various kinds not pertinent to the issues before us.

The NOTICE provision on the cover sheet of the policy reads:

NOTICE: THIS IS A CLAIMS MADE POLICY.

*Except to such extent which may be provided otherwise herein,* this insurance is limited to liability for only those claims that are first made against the insured during the policy period. Please read and review the policy carefully and discuss the coverage with your insurance agent, broker or representative. (Emphasis added.)

Paragraph X.A. which appears in the second page of the policy states:

X. CONDITIONS–CLAIMS

A. NOTICE OF CLAIM

As a condition precedent to the right of protection afforded by this insurance, the insured shall, *as soon as practicable,* give written notice of any Claim against the insured to the Company's agent or to the Company, c/o INAPRO Division; Attention Claims Manager, P.O. Box 353, 127 John SL, New York, NY 10272.

In the event suit is brought against the insured, the insured shall immediately forward to the Company through INAPRO Division every demand, notice or other process received directly by the insured or by the insured's representative. (Emphasis added.)

The thrust of Strip's argument is that the ambiguity for which the plaintiffs argue is created by 1) the absence of any mention on the cover sheet NOTICE of any requirement that the claim must be reported during the policy period, and 2) the language in paragraph X.A requiring written notice of a claim "as soon as practicable," combined with the provision of paragraph I under THE COVERAGE which requires that the claim be "made ... and reported" to the insurer during the policy period.

The district court found that there is no ambiguity in the policy language relating to when notice of a claim must be given to the insurer, and we agree.

The first provision of the first paragraph of the consecutively numbered paragraphs describing the terms of the policy and labeled THE COVERAGE specifically declares that claims must be *"made* against the insured and *reported* ... during the policy period...." (Emphasis added.)

The NOTICE provision which appears on the cover sheet of the policy, and which Strip claims is one of the sources of the ambiguity in the terms of the coverage, is not part of the numbered succession of paragraphs containing the policy terms at all, but appears only on the cover page where the general nature of the contract is described as being a "claims made" policy, the parties are identified, the dollar limit of liability and the duration of the policy recited, and the amount of the premium stated. It is true that the NOTICE declares that "this insurance is limited to liability for only those claims that are first made against the insured during the policy period," and says nothing about a requirement for reporting claims to the company. The absence of such a provision in the brief three-sentence NOTICE on the cover sheet identifying the general nature of the policy cannot reasonably be read as creating an ambiguity regarding the specific reporting requirement that is spelled out in the provision denominated THE COVERAGE in the body of the policy. Indeed, the cover sheet NOTICE begins with the clause: "Except to such extent as may be provided *otherwise* herein...." (Emphasis added.)

Similarly, the NOTICE OF CLAIM provision of subparagraph A of paragraph X, quoted above, in declaring that "the insured shall, as soon as practicable, give written notice of any claim ...," does not render ambiguous the explicit claim reporting requirement spelled out in paragraph I, THE COVERAGE, provision. The district court stated, and we agree, that the " 'as soon as practicable' notice provision is intended to protect the insurer from prejudice due to delayed notification of claims covered by the insurance policy." The "as soon as practicable" language is intended

to preclude an insured who has knowledge of a claim near the beginning of the policy period, from waiting many months until near the end of the policy period to notify the insurer of the existence of the claim, when such delay would cause prejudice to the insurer. It does not excuse, modify, or render ambiguous the claim reporting requirement that is recited in paragraph I as a condition of coverage.

The Pacific policy coverage language is written in plain, unambiguous language and clearly states that a claim must be made and reported within the policy period. It is exactly this aspect of a claims made policy that distinguishes it from an occurrence policy. Claims made policies, unlike occurrence policies, are designed to limit liability to a fixed period of time. To allow coverage beyond that period would be to grant the insured more coverage than he bargained for and paid for, and to require the insurer to provide coverage for risks not assumed.

■ We hold, therefore, that the Pacific claims made policy issued to Strip covers claims that were made and reported between August 2, 1984 and August 2, 1985. It is undisputed that the July 25, 1985 claim against Strip was not reported to Pacific's agent until August 19, 1985. Under these circumstances, Pacific is not liable to Strip for a defense or indemnity for the July 25th claim.

Although the district court employed a slightly different rationale in concluding that Strip had not complied with the reporting requirements of the Pacific policy, we may affirm the judgment of the district court on grounds other than those stated by the district court. *Russ' Kwik Car Wash v. Marathon Petroleum Co.*, 772 F.2d 214, 216 (6th Cir.1985).

### B.
### *Pacific v. Law Firm*

■ On April 15, 1986, the United States filed a second amended complaint against the Law Firm in the underlying lawsuit. Because the Law Firm anticipated receiving the second amended complaint, notice of the claim was sent to Pacific on February 25, 1986, and again, following the filing of the complaint, on April 18, 1986. As the effective period of the Pacific policy ran from August 2, 1984 to August 2, 1985, the claim was made against the Law Firm after the expiration of the policy period. The Pacific policy contains a provision in subsection F of section IX entitled "Multiple Insureds, Claims or Claimants":

The inclusion herein of more than one insured or the making of claims or the bringing of suits by more than one person or organization shall not operate to increase the Company's limits of liability. Two or more claims arising out of a single act, omission, or Personal Injury or a series of related acts, or omissions or Personal Injuries shall be treated as a single Claim. *All such Claims, whenever made, shall be considered first made during the Policy Period or Discovery Period in which the earliest claim arising out of such act, omission or Personal Injury was first made, and all such claims shall be subject to the same limit of liability.* (Emphasis added.)

The Law Firm argues that because the claim against it arose out of the acts of Strip which gave rise to a claim made by Strip within the policy period, the claim against the law firm should relate back to the July 25, 1985 claim against Strip under the language of the multiple insureds' clause. The district court found that Pacific was "potentially liable" to the Law Firm on that basis.[1] The district court reasoned as follows:

---

1. The court initially found that Pacific was liable to the Law Firm. However, the court later modified its order, stating that Pacific was "potentially liable" in recognition of the fact that the court was considering motions for summary judgment and other issues were still to be heard. Although Pacific's cross-appeal on this issue asks that we review a judgment which is not itself a final order, "a court of appeals may, in the interest of orderly judicial administration, review matters beyond that which supplies appellate jurisdiction." *Scarlett v. Seaboard Coast Line R.R. Co.*, 676 F.2d 1043, 1052 (5th Cir. 1982). *See Deckert v. Independence Shares Corp.*, 311 U.S. 282, 287, 61 S.Ct. 229, 232, 85 L.Ed. 189 (1940).

The United States filed its second amended complaint, which included claims against the law firm, on April 15, 1986, well beyond the expired date of Pacific's policy period. The Multiple Insureds, Claims and Claimants clause in Pacific's insurance policy, however, provides that the claims made against the law firm related back to the date on which the related claims were first made. Thus, by the specific terms of the policy, the claims against the law firm were first made for the purposes of the coverage when the United States first made its claims against Strip: on July 25, 1985. Thus, the claims were first made within the policy period. The same analysis applies to the cross claims brought by Scott and Osmond against Strip and the law firm, because the basis for the cross claims is the events and occurrences that formed the basis for the United States' claims against Strip and the law firm. Thus, the claims made by the United States against the law firm are covered under the Pacific insurance policy.

The Court has found that although the United States made its claims against Strip during Pacific's policy period, Strip failed to report the claims made against him within the policy period, and thus the policy does not cover the claims made against Strip. Strip's failure to report timely the claims made against him, which effectively stripped him of coverage, is not attributable to the law firm. The law firm could not possibly have reported the claims made against it within the policy period, as the period had expired long before the United States named the law firm as a defendant. The Court must adopt any reasonable interpretation of an insurance policy that results in coverage, *see River Services Co. v. Hartford Accident & Indemnity Co.,* 449 F.Supp. 622, 626 (N.D.Ohio 1977) (Lambros, J.). The Court concludes that it would not be reasonable to attribute Strip's failure to report the claims made against him to the law firm, and thus deny the law firm coverage under the policy.

We disagree.

Any coverage under the multiple insureds claims provision of the Pacific policy to which the Law Firm is entitled is derivative from coverage owed Strip. That is the meaning of the language of the multiple insureds' provision which states that:

> Two or more claims arising out of a single act, omission or personal injury ... shall be treated as a single claim. All such Claims, whenever made, shall be considered first made [when] the earliest claim ... was first made, and all such claims shall be subject to the limit of liability.

Pacific's liability to the Law Firm is conditioned upon its liability to Strip. The policy provides that "all such claims shall be subject to the same limit of liability." But Pacific has no liability to Strip and owes Strip no coverage because Strip failed to comply with the unambiguous coverage provisions requiring timely notice of its claim. Treating the claim against the Law Firm as a single claim along with that against Strip and subjecting it to the same limit of liability, Pacific cannot be liable to the Law Firm because it is not liable to Strip. The district court erred in finding Pacific "potentially liable" to the Law Firm.

### C.

### *Home v. Strip*

■ The Home Insurance Company issued a claims made policy to Strip and the Law Firm with an effective coverage period of August 2, 1985 to August 2, 1986. The claim against Strip was made on July 25, 1985, a date prior to the beginning of the coverage period under the Home policy. Strip argues, however, that, under the coverage provision of the Home policy, acts which occurred prior to the policy period are covered by the policy. The relevant policy language states:

Coverage

1. Professional Liability and Claims Made Clause:

To pay on behalf of the Insured all sums in excess of the deductible amount stated in the Declarations which the Insured

shall become legally obligated to pay as damages as a result of CLAIMS FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD

. . . . .

PROVIDED ALWAYS THAT such act, error or omission or such personal injury happens:

(aa) during the policy period, or

(bb) prior to the policy period, provided that prior to the effective date of this policy:

1) the Insured did not give notice to any prior insurer of any such act, error, omission or personal injury; and

2) the Insured had no basis to believe that the Insured had breached a professional duty or committed a personal injury; and

3) there is no prior policy or policies which provide insurance of such liability or claim, unless the available limits of liability of such prior policy or policies are insufficient to pay any liability or claim in which event this policy will be excess over any such prior coverage.

According to Strip, section 1.(bb) provides coverage for the *claims made against him* prior to the policy period. The district court disagreed and so do we.

The simple answer to Strip's argument is that it ignores the language in the first paragraph of section 1 which requires that, even for acts occurring prior to the policy period, the claim must be "made against the insured *during* the policy period." Such was not the case here, where the claim was first made on July 25, 1985, but the policy period did not begin until August 2, 1985. Under the plain language of the Home policy, Home is not liable to Strip.

### D.

### *Home v. Law Firm*

██ The Law Firm argues that the claim against it was made and reported within the Home policy period; therefore, the claim should clearly be covered under the Home policy.

The district court also granted summary judgment in favor of Home as against the Law Firm, finding that the claim against the Law Firm was not made within the policy period based upon the terms of the "Multiple Insureds, Claims and Claimants" clause of the Home policy. The clause provides:

### IV. Multiple Insureds, Claims and Claimants:

Two or more claims arising out of a single act, omission, or personal injury or a series of related acts, errors, omissions or personal injuries shall be treated as a single claim. All such claims, whenever made, shall be considered first made during the policy period or Optional Extension period in which the earliest claim arising out of such act, error, omission or personal injury was first made, and all such claims shall be subject to the same limits of liability.

The district court held:

The claims against Strip in the United States' first amended complaint arise out of his activities as the receiver appointed by the Franklin County Court of Common Pleas to oversee the dissolution of Mack Mining, Inc. The United States' claims against the law firm contained in the second amended complaint alleged that the law firm is jointly and severally liable along with Strip, either directly or vicariously, for all the claims the United States has brought against Strip. The United States based its claims against the law firm on the same events and occurrences on which it based its claim against Strip.

The United States filed its second amended complaint on April 15, 1986, well within Home's policy period. The Multiple Insureds, Claims and Claimants clause of the insurance policy, however, states that claims made that arise out of events or acts for which a previous claim has been made relate back to the date on which the related claim was first made. Thus, by the specific terms of the Home insurance policy, the claims against the law firm were first made against the law firm for the purposes of the coverage

when the United States first made its claims against Strip: on July 25, 1985. Therefore, the United States' claims against the law firm were not first made for the purposes of coverage during the Home policy period.

We agree.

The Law Firm argues that the claim against it was made and reported within the Home policy period; therefore, the claim should clearly be covered under the Home policy.

The multiple insureds clause contained in the Home's policy is listed under the heading "Limits of Liability." As with the comparable provision in the Pacific policy, the intent of the provision is to relate subsequent claims, based on an initial claim, back to the initial claim so that the insurer is not liable to the limits of the policy on both claims. The language of the multiple insureds clause is clear and unambiguous. The district court was correct in holding that the claim made against the Law Firm relates back to the initial claim made against Strip. Therefore, the claim against the Law Firm is to be considered first made on July 25, 1985. Because the Home policy was not in effect on July 25, 1985, the claim against the Law Firm is not covered by the Home policy.

### III.

The district court's grant of summary judgment in favor of Pacific and against Strip is AFFIRMED. The district court's finding that Pacific is potentially liable to the Law Firm is REVERSED, and the matter is remanded to the district court for entry of summary judgment in favor of Pacific. The district court's grant of summary judgment in favor of Home as against both Strip and the Law Firm is AFFIRMED.