MUELLER, Appellant,

v.

TAYLOR RENTAL CENTER et al.; Insurance Company
of the State of Pennsylvania, Appellee.

[Cite as *Mueller v. Taylor Rental Ctr.* (1995), 106 Ohio App.3d 806.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68031.

Decided Oct. 16, 1995.

*Morganstern, MacAdams & DeVito Co., L.P.A.,* and *Christopher M. DeVito,* for appellant.

*Janik & Dunn* and *Steven G. Janik,* for appellee.

*Gallagher, Sharp, Fulton & Norman* and *Joseph W. Pappalardo,* for Taylor Rental Center.

JAMES M. PORTER, Judge.

Plaintiff-appellant Joseph Mueller appeals from a summary judgment entered by the trial court in favor of defendant-appellee Insurance Company of the State of Pennsylvania ("ISOP") on a supplemental petition under R.C. 3929.06. The court held that the plaintiff failed to give notice of its claim under a claims-made liability policy during the period that the policy was in effect. The plaintiff contends that plaintiff gave timely notice. For the reasons hereinafter stated we affirm.

This case arose from injuries suffered by plaintiff on April 27, 1989 from the use of a defective rototiller which he had rented that day from defendant, Taylor Rental Center. The rototiller was originally manufactured by Oregon Manufacturing Company, Inc., the assets of which were purchased by defendant, Merry Tiller, Inc., on or about May 23, 1989. By letter dated October 31, 1989, Merry Tiller was formally placed on notice of the accident and claim by Taylor's carrier. On March 27, 1991, plaintiff commenced a lawsuit against Merry Tiller and effected service thereon on December 12, 1991. Plaintiff obtained a default judgment against Merry Tiller on May 13, 1992 in the sum of $375,000.

On October 5, 1992, plaintiff filed a supplemental petition against Merry Tiller's insurance company, ISOP, under R.C. 3929.06, which allows the judgment creditor to proceed directly against the defendant's carrier to satisfy the judgment. ISOP appeared and answered. It then filed a summary judgment motion claiming that, because its insurance policy with Merry Tiller was a "claims made" policy, it was not liable for the default judgment obtained by plaintiff since the claim was not first made during the policy period. Plaintiff filed a cross-motion for summary judgment contending that he had given timely notice under the policy.

The policy at issue was a Comprehensive General Liability Policy No. GLCM 590–48–59 RA, issued by ISOP on December 29, 1989 to Merry Tiller. The policy on its face is a "claims made" policy with a policy period from December 29, 1989 to December 29, 1990, but extended through April 2, 1991 to allow for late reporting. The coverage and insuring agreements provided as follows:

"COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

"1. Insuring Agreement.

"a. We will pay those sums that [Merry Tiller] becomes legally obligated to pay as damages because of 'bodily injury' * * * to which this insurance applies * * * This insurance does not apply to 'bodily injury' * * * which occurred before the Retroactive Date, if any, shown in the Declarations or which occurs after the policy period.

"b. This insurance applies to 'bodily injury' * * * only if a claim for damages because of the 'bodily injury' * * * is first made against any insured during the policy period.

"1. A claim by a person or organization seeking damages will be deemed to have been made when notice of such claim is received and recorded by any insured or by us, whichever comes first."

Such claims were also subject to the policy's retroactive date of December 29, 1988, that is, the occurrence, such as plaintiff's accident, which gave rise to a claim, must take place after December 29, 1988, in order for the claim arising out of that occurrence to be considered under the policy.

The motion and cross-motion for summary judgment came on for hearing on September 15, 1994. Following extensive argument and consideration of the briefs and exhibits, the court found in favor of ISOP and stated in pertinent part as follows:

" * * * It seems to the court that without regard to prejudice there just plainly is no coverage because of the vagries [sic] of claims made law. * * * So I grant

the motion for two reasons, one the claim was plainly reported to the insurance company well beyond the reporting period, and number two, the court finds there is also prejudice as a matter of fact, but in any event because it's a claims made policy I don't think we should confuse that with lack of reporting of an occurrence policy, * * * if we had an occurrence policy and there was late reporting, that's a horse of a different color from a claims made policy, which is the reporting of which is necessary to trigger coverage, not the occurrence of which but the reporting of which, and I believe that is a fundamental reason supporting the decision of the court."

On September 16, 1994, the trial court entered an order granting ISOP's motion for summary judgment and denying the plaintiff's cross-motion. This timely appeal ensued.

Plaintiff's sole assignment of error states as follows:

"The trial court erred in finding no coverage under the ISOP policy of insurance and granting summary judgment to ISOP."

■ The evidence indicates that plaintiff gave notice to the insured, Merry Tiller, prior to the inception of the policy period and that suit was actually filed during the policy period. However, service was not obtained until after the policy period. The plaintiff contends that this sufficed to bring the claim within the scope of the claims-made coverage. We disagree.

■ We review the lower court's granting of summary judgment *de novo* without deference to the trial court's determination. *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265, 271–272; *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157–1158.

The policy plainly stated that plaintiff's claim must *first* be made during the policy period of December 29, 1989 through the extended reporting date of April 2, 1991. ("This insurance applies to 'bodily injury' * * * only if a claim for damages * * * is first made against any insured during the policy period.")

■ The ISOP policy language is clear and unambiguous, and it must be applied as written, without judicial interpretation. *Bright v. Ohio Cas. Ins. Co.* (C.A.6, 1971), 444 F.2d 1341, 1343; *Karabin v. State Auto. Mut. Ins. Co.* (1984), 10 Ohio St.3d 163, 10 OBR 497, 462 N.E.2d 403; *West v. McNamara* (1953), 159 Ohio St. 187, 197, 50 O.O. 229, 233, 111 N.E.2d 909, 913; *Fuerstenberg v. Mowell* (1978), 63 Ohio App.2d 120, 122, 17 O.O.3d 306, 307, 409 N.E.2d 1035, 1036. Thus, coverage was triggered under the policy only if plaintiff's claim was first made during the policy period of December 29, 1989 through April 2, 1991, which it was not. Many of plaintiff's arguments fail to recognize the distinction between occurrence policies and claims made policies.

The very essence of a claims-made policy requires the claim to be first made during the policy period. *United States v. A.C. Strip* (C.A.6, 1989), 868 F.2d 181, 184, describes the differences as follows:

"A claims made policy provides coverage for claims brought against the insured only during the life of the policy. An occurrence policy provides coverage for acts done during the policy period regardless of when the claim is brought." See, also, *Mut. Fire Marine & Inland Ins. Co. v. Vollmer* (1986), 306 Md. 243, 252, 508 A.2d 130, 134; accord, *St. Paul Fire & Marine Ins. Co. v. House* (1989), 315 Md. 328, 332, 554 A.2d 404, 406; *Mominee v. Scherbarth* (1986), 28 Ohio St.3d 270, 28 OBR 346, 503 N.E.2d 717; *Kaiser v. Wood* (Jan. 10, 1992), Lucas App. No. L–91–043, unreported, 1992 WL 2538; *PEMCO, Inc. v. Peter Frank Tiarks, Underwriter* (July 28, 1977), Cuyahoga App. No. 36285, unreported. Accordingly, coverage under a claims made policy is triggered only by the presentation of a claim during the policy period. *United States v. A.C. Strip, supra*, 868 F.2d at 187. "If the insured does not give notice within the contractually required time period, in the instant case during the policy period, there is simply no coverage under the policy * * *. If the claim is not reported during the policy period, no liability attaches." *Harrisburg v. Internat. Surplus Lines Ins.* (M.D.Pa.1984), 596 F.Supp. 954, 961.

As explained in *A.C. Strip*, 868 F.2d at 187:

"The * * * policy coverage language is written in plain, unambiguous language, and clearly states that a claim must be made and reported within the policy period. It is exactly this aspect of a claims made policy that distinguished it from an occurrence policy. Claims made policies, unlike occurrence policies, are designed to limit liability to a fixed period of time to allow coverage beyond that period would be to grant the insured more coverage than he bargained for and paid for, and to require the insurer to provide coverage for risks not assumed." Accord *Harrisburg, supra*, 596 F.Supp. at 961; *Kaiser v. Wood, supra*, at 3.

█ Plaintiff nevertheless argues that a claim is first made under the policy as long as the claim is made after the retroactive date of December 29, 1988. However, he is attempting to change the inception date of the policy period from December 29, 1989 to December 29, 1988, as set forth on the Declarations page of the policy, and the language contained in paragraphs (1)(a) and (1)(b) of the Insuring Agreement, which clearly provide that the "policy period" and the "retroactive date" are separate and distinct. The plain meaning of an insurance policy is to be determined by reading the policy as a whole. *A.C. Strip*, 868 F.2d at 185, and cases cited therein.

The retroactive feature of this policy was succinctly explained by the United States Court of Appeals for the Seventh Circuit in *Nat. Cycle v. Savoy Reins. Co., Ltd.* (C.A.7, 1991), 938 F.2d 61, 62:

"Insurers asked to issue claims made policies protect themselves against liability for old occurrences by including a 'retroactive date,' specifying the earliest occurrence to be covered, no matter when the claim is made."

Indeed, because the policy at issue in *Nat. Cycle* lacked a retroactive date, the court held that any claim made during the policy period triggered coverage "no matter when the accident occurred." *Id.* at 63. See, also, *Hartford Fire Ins. Co. v. California* (1993), 509 U.S. 764, 771, 113 S.Ct. 2891, 2896, 125 L.Ed.2d 612, 623 (Retroactive date provisions "restrict coverage to claims based on incidents that occurred after a certain date").

Plaintiff's injury of April 27, 1989 constituted an occurrence that occurred after the retroactive date of the policy, December 29, 1988. However, that retroactive date did not change the policy requirement that plaintiff's claim must be first made upon Merry Tiller or ISOP during the policy period of December 29, 1989 through April 2, 1991. We cannot rewrite the policy so as to convert the policy period to encompass the October 31, 1989 claim upon Merry Tiller. The reason the insurance industry went to claims-made policies is to clearly define the period for which they were liable rather than to be liable indefinitely for an occurrence which may have occurred years before.

The court in *Zuckerman v. Natl. Union Fire Ins.* (1985), 100 N.J. 304, 495 A.2d 395, in tracing the development of claims-made policies stated that these policies have become more popular than occurrence policies due to advantages in predicting the risks covered and the premiums required.

"The obvious advantage to the underwriter issuing "claims made" policies is the ability to calculate risks and premiums with greater exactitude since the insurer's exposure ends at a fixed point, usually the policy termination date. This may result in lower rates for the insured. [Citations omitted.] A corollary benefit to the insured is that since coverage is purchased on a contemporary basis, it can afford protection in current dollars for liability that may be based on negligence that occurred years earlier." See, also, *Chas. T. Main, Inc. v. Fireman's Fund Ins. Co.* (1990), 406 Mass. 862, 865, 551 N.E.2d 28, 30 ("the closer in time that the insured event and the insurer's payoff are, the more predictable the amount of the payment will be, and the more likely it is that rates will fairly reflect the risks taken by the insurer"); *Campbell & Co. v. Utica Mut. Ins. Co.* (1991), 36 Ark.App. 143, 150, 820 S.W.2d 284, 288 ("claims made policy is designed so that the insurer can more accurately predict the limits of its exposure and the premium needed to cover the risk undertaken"); *Hasbrouck v. St. Paul Fire & Marine Ins.* (Iowa 1993), 511 N.W.2d 364, 366 (with "claims based" policies,

"there is no open-ended 'tail' after the expiration date of the policy. * * * The insurer can establish his reserves without having to consider the possibilities of inflation beyond the policy period, upward-spiralling jury awards, or later changes in the definition and application of negligence").

The claims made by plaintiff herein were concededly made upon Merry Tiller on either October 31, 1989, by the letter sent to Merry Tiller from Taylor's carrier, or December 12, 1991, when service on the lawsuit was obtained. These dates are clearly outside the policy period, and there is no coverage for plaintiff's claim under the policy.

The United States Court of Appeals for the Sixth Circuit, applying Ohio law, was faced with similar facts in *A.C. Strip, supra.* Strip had purchased separate claims made policies from Pacific Employers Insurance Company ("Pacific") and from the Home Insurance Company ("Home"). *Id.* at 183. The Pacific policy was effective August 2, 1984 through August 2, 1985. *Id.* The Home policy was effective August 2, 1985 through August 2, 1986. *Id.* at 188.

A claim was first made upon Strip on July 25, 1985, however, Strip did not report the claim to Pacific until August 19, 1985, seventeen days after the end of the policy period. *Id.,* 868 F.2d at 185. The Pacific policy required the claim to be "first made against the insured and reported to the company during the policy period." *Id.* at 185. The Sixth Circuit affirmed the district court's entry of summary judgment in favor of Pacific, holding:

"[T]he Pacific claims made policy issued to Strip covers claims that were made and reported between August 2, 1984 and August 2, 1985. It is undisputed that the July 25, 1985 claim against Strip was not reported to Pacific's agent until August 19, 1985. Under these circumstances, Pacific is not liable to Strip for a defense or indemnity from the July 25 claim." *Id.* at 187.

Correspondingly, with respect to the Home policy, because the claim was first made upon Strip on July 25, 1985, eight days prior to the beginning of Home's policy period, the district court entered summary judgment in favor of Home, holding that the policy did not cover the claim because the claim was asserted prior to the effective date of Home's coverage. *Id.,* 868 F.2d at 184. Similar to ISOP's policy, the Home policy required the claim to be "first made against the insured during the policy period." *Id.* at 189. In affirming the district court, the Sixth Circuit held:

"The simple answer to Strip's argument is that it ignores the language in the first paragraph of Section 1 which requires that, even for acts occurring prior to the policy period, the claim must be made against the insured during the policy period. Such was not the case here, where the claim was first made on July 25,

1985, but the policy period did not begin until August 2, 1985. Under the plain language of the Home policy, Home is not liable to Strip." *Id.*

Just as in *A.C. Strip,* the October 31, 1989 claim upon Merry Tiller was before the policy period, and the December 12, 1991 service of process upon Merry Tiller was after the policy period. Thus, neither triggered coverage under the policy.

Plaintiff's assignment of error is overruled.

*Judgment affirmed.*

MATIA, P.J., and KARPINSKI, J., concur.