OPINION
This timely appeal arises from the trial court's sua sponte
dismissal of Appellants', David and John Luchanskys' pro-se complaint filed against Appellee Peter Crane ("Crane") and from the trial court's granting of summary judgment in favor of Appellee Michael J. Yuhasz ("Yuhasz"). Appellants argue that the trial court abused its discretion by granting Yuhasz's motion for an extension of time to file an answer to the complaint and allowing him to file a motion for summary judgment, the trial court abused its discretion by personally notifying Appellants of their right to file a responsive brief to Yuhasz's motion for summary judgment, committed error in granting Yuhasz's motion for summary judgment and committed error by dismissing sua sponte
Appellants' complaint against Crane. For the following reasons, this Court affirms the judgment of the trial court.
On March 8, 1989, a gravestone was ordered for recently deceased George E. Luchansky. Appellants are the sons of the deceased. Yuhasz was the funeral director and Crane was the gravestone supplier. After the gravestone had been set onto the grave, Appellants realized that their father's middle initial, "E", had been omitted. It is this missing letter which forms the basis of the underlying litigation.
Appellants filed a small claims action in 1989 against Yuhasz alleging fraud, negligence and emotional distress. Crane was not named as a defendant in that lawsuit. Judgment was granted in favor of Yuhasz which this Court affirmed on appeal. Luchansky v.Yuhasz (Feb. 21, 1991), Mahoning App. No. 90 CA 64, unreported.
On April 29, 1996, Appellants filed the present action based on the same 1989 gravestone incident. Appellants prayed for $25,000,000 in damages due to their allegations of fraud, negligence and emotional distress. The complaint was not served on Crane until September 24, 1996. Crane never filed an answer because the trial court, sua sponte and without explanation, dismissed the complaint against him prior to service being obtained. (Judgment Entry, Sept. 9, 1996)
On October 1, 1996, Yuhasz filed a motion seeking an extension of time within which to file an answer and a motion for summary judgment instanter. The court sustained this motion on October 1, 1996 and Yuhasz filed his answer and motion for summary judgment the same day. Yuhasz's motion argued that Appellants' case was barred by the doctrines of res judicata and collateral estoppel since the same case had been previously litigated and that the statute of limitations should bar claims arising from incidents alleged to have occurred in 1989. The same day that the answer and motion for summary judgment was filed, the office of the common pleas court telephoned the prose Appellants at their residence to inform them of their right to file a responsive brief.
On October 2, 1996, Appellants filed what is captioned as "PLAINTIFFS' RESPONSE TO ALL 9-30-96 FILINGS MADE BY PFAU, PFAU, AND MARANDO; ATTORNEYS FOR DEFENDANT, MICHAEL J. YUHASZ." This document was the only responsive pleading to Yuhasz's answer and motion for summary judgment. Appellants' did not address any of the arguments put forth in the answer or the motion for summary judgment but, rather, argued that since more than twenty-eight days had elapsed between service of the complaint and Yuhasz's answer, the motion for summary judgment should be denied and a default judgment entered against Appellee.
On July 29, 1997, the trial court granted Yuhasz's motion for summary judgment and ruled, as a matter of law, that Appellants' complaint was barred by the statute of limitations and the doctrines of res judicata and collateral estoppel. (Judgment Entry, July 29, 1997). It is from this judgment and the suasponte dismissal of Crane from the suit which gives rise to this timely appeal. At this juncture, we should note that during the pendency of this underlying action Appellant had yet another suit pending in the common pleas court alleging the same matters as contained within the case before us. Luchansky v. Yuhasz,
Mahoning Common Pleas Case No. 95 CV 3068. Summary judgment was granted to Yuhasz in that case, also. An appeal of that matter was dismissed by us for failure on the part of Appellants to prosecute, Luchansky v. Yuhasz (April 16, 1998), Mahoning App. No. 97 C.A. 159, unreported.
In their sole assignment of error, Appellants argue that:
 "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND AN ABUSE OF DISCRETION IN GRANTING SUMMARY JUDGMENT TO APPELLEES."
This assignment of error raises four separate issues which pertain to Appellants' discontent with the disposition of their case. Each will be addressed in turn.
A. Abuse of Discretion in Granting Appellee Yuhasz an Extensionof Time.
Appellants maintain that the trial court abused its discretion when it granted Yuhasz an extension of time to answer the complaint and to file a motion for summary judgment instanter almost six months after being served with the complaint. As support for their argument, Appellants cite to Civ.R. 12 (A) (1) which provides that a complaint must be answered within twenty-eight days of service.
Appellants correctly observe, however, that the decision to extend a filing deadline is within the sound discretion of the trial court. Marion Credit Assn. v. Cochran (1988), 40 Ohio St.3d 265,271. See also, Civ.R. 6 (B) which provides in relevant part:
 "When by these rules . . . an act is required . . . to be done at or within a specified time, the court for cause shown may at any time in its discretion. . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."
(emphasis added).
As such, this Court will not disturb the decision of the trial court to extend a filing deadline absent an abuse of that discretion. Marion, supra at 271; State ex rel. Edwards v. ToledoCity School Dist. Bd. of Ed. (1995), 72 Ohio St.3d 106, 107. An abuse of discretion by the trial court exists when the court acts in an unreasonable, arbitrary, or unconscionable manner. Rock v.Cabral (1993), 67 Ohio St.3d 108; Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
In the case at bar, Yuhasz concedes that he failed to timely file an answer to Appellants' complaint. In his motion for leave to file an answer, however, Yuhasz explained that the delay was the result of excusable neglect. Specifically, Yuhasz's counsel argued to the trial court that Appellants had inundated him with, "a multitude of [pro-se] filings . . . many of which are difficult to decipher and determine from a procedural basis what they mean." Our review of the record reveals that at the time Appellee filed the motion for leave to file an answer, this case had already been litigated once in small claims court, appealed to this Court, and that Appellants had another case alleging the same facts and damages pending before another judge in the Mahoning County Court of Common Pleas.
Considering the procedural maelstrom which resulted from the variety and multitude of filings this case has generated, this Court is not prepared to say that the trial judge acted arbitrarily, unreasonably or unconscionably when it granted Yuhasz's motion for leave to file an answer. As the Ohio Supreme Court noted, "cases should be decided on their merits, where possible, rather than on procedural grounds." Marion CreditAssn., supra at 271, citing Griffey v. Rajan (1987), 33 Ohio St.3d 75,79.
B. Breach of Ethics and Abuse of Discretion in CourtNotification to Appellants.
In their brief to this Court, Appellants suggest that the trial judge somehow breached a duty of professional ethics by contacting Appellants and informing them that a response to a dispositive motion filed by Yuhasz was required. This courtesy, Appellants argue, is itself sufficient grounds to reverse the trial court's granting of summary judgment in favor of Yuhasz.
We disagree. Even if we were prepared to state that the trial judge's courtesy call to Appellants informing them of their right to respond was judicial error, the burden is upon Appellants to demonstrate how that claimed error prejudiced them in some way. R.C. § 2309.59 provides that a reviewing court shall disregard any error or defect in a proceeding not affecting a substantial right of the complaining party. Kelley v. Cairns Bros., Inc.
(1993), 89 Ohio App.3d 598, rehearing denied 68 Ohio St.3d 1452.
Appellants have failed to demonstrate how a courtesy call from the trial judge informing them of their need to respond to a motion for summary judgment prejudiced them or adversely affected a substantial right. While not specified in the record, our interpretation of the matter is that the trial judge was merely informing the pro se litigants of their right to respond and to submit a brief in opposition to Yuhasz's motion for summary judgment. As such, Appellants' argument that this telephone call is grounds to reverse the trial court is baseless.
C. Abuse of Discretion in Granting Summary Judgment
Appellants argue that the trial court erred by refusing to enter a default judgment against Yuhasz based on the late filing of an answer to the complaint and further erred by granting Yuhasz's motion for summary judgment. As this Court has already held that the trial court was acting within its sound discretion by granting Yuhasz an extension of time in which to answer, our inquiry turns to the propriety of granting Yuhasz's motion for summary judgment.
Preliminarily this Court notes that, contrary to the assertions in Appellants' assignment of error, the decision to grant a motion for summary judgment is not a discretionary act on the part of the trial court. A trial court's disposition of a summary judgment motion is reviewed de novo, without deference to its determination. Mueller v. Taylor Rental Center (1995), 106 Ohio App.3d 806,809. The appellate court applies the standards set forth in Ohio Rule of Civil Procedure 56 (c). Hoyt, Inc. v.Gordon Assocs. Inc. (1995), 104 Ohio App.3d 598, 602. Summary Judgment is proper under Civ.R. 56 when:
 (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Welco Industries Inc. v. Applied Companies (1993), 67 Ohio St.3d 344,346.
A party seeking summary judgment has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact as to the essential element(s) of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292-93. The moving party cannot discharge its initial burden under Civil Rule 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Id. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civil Rule 56 that tends to affirmatively demonstrate that the nonmoving party has no evidence to support its claims. Id.
If the movant fails to meet its initial burden, the court must deny the motion for summary judgment. Id. However, if the moving party satisfies its initial burden, the nonmoving party then has a reciprocal burden under Civil Rule 56 (e) to set forth specific facts showing that there is a genuine issue for trial. Id. If the nonmoving party fails to respond and summary judgment is appropriate, it shall be granted. Id.
Yuhasz argues that summary judgment was properly granted because Appellants' case is barred by the doctrines of resjudicata, collateral estoppel and by the applicable statute of limitations. In support of his motion for summary judgment, Yuhasz drew the trial court's attention to the previous litigation pertaining to the same alleged incident giving rise to the case at bar. Appellants originally litigated this case against Yuhasz before the Youngstown Municipal Court. That matter involved the same issues presented in the case at bar. Case No. 89 CVI 1352. That case concluded with a judgment in favor of Yuhasz, which this Court affirmed. Luchansky v. Yuhasz (February 21, 1991), Mahoning App. No. 90 CA 64, unreported. Additionally, this Court has previously dismissed an appeal of a trial court decision granting summary judgment to Yuhasz which was pending at the time the instant motion for summary judgment was filed with the Mahoning County Court of Common Pleas. Luchansky v. Yuhasz
(April 16, 1998), Mahoning App. No. 97 CA 159, unreported. Again, that case involved the same issues and the same alleged damages as the case now at bar.
Res judicata and collateral estoppel are not separate doctrines. Res judicata is one doctrine which embodies two separate and distinct concepts: claim preclusion and issue preclusion. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379,381. This doctrine operates to, "prevent a party from litigating a cause of action after a prior court has rendered a final judgment on the merits of that cause as to that party." Krahn v.Kinney (1989), 43 Ohio St.3d 103, 107. Pursuant to the claim preclusion aspect of res judicata:
 "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."
Deaton v. Burney (1995), 107 Ohio App.3d 407, 410, quotingGrava, supra at syllabus.
Litigation surrounding the 1989 gravestone incident originally commenced in Youngstown Municipal Court. The case was argued before a referee who entered judgment for Yuhasz on the issue as to who originally ordered the gravestone for George E. Luchansky in 1989. The referee determined that Appellants had ordered the gravestone without the letter "E" and that Appellants had no out-of-pocket expenses or any distinguishable mental distress over the gravestone incident. This Court affirmed those findings.Luchansky v. Yuhasz (Feb. 21, 1991), Mahoning App. No. 90 C.A. 64, unreported.
These are the same issues sought to be litigated in the instant case. Yuhasz met his legal burden of demonstrating that there were no genuine issues of material fact and that he was entitled to judgment as a matter of law. The burden then shifted to Appellants to point to specific facts showing that there were genuine issues for trial. Civ.R. 56. Thus, our specific inquiry turns on whether Appellants met this reciprocal burden.
Appellants did not meet their necessary burden, here. In fact, in spite of the trial court's courtesy call, Appellants never filed a response which addressed the merits of the summary judgment motion. Appellants merely rested on the allegations contained in their complaint. This is insufficient to defeat a motion for summary judgment. Civ.R. 56 (E). While not necessary to affirm the decision of the trial court, we note that the trial court also properly concluded that the four year statute of limitations codified in R.C. § 2305.09 barred Appellants' cause of action. In this case the alleged events which gave rise to the instant lawsuit occurred in 1989 and the complaint was not filed until 1996, well outside of the time frame contemplated by the statute.
D. Dismissal of Case Against Appellee Crane
The final issue presented in Appellants' assignment of error pertains to the trial court's sua sponte dismissal, with prejudice, of Appellants' case against Crane, without notice to the other parties in the case. While not specifically argued in their brief, Appellants suggest that it was error to dismiss Crane from the case since Crane never answered the complaint. Crane has not filed a brief to this Court.
The record reflects that Crane was dismissed from the case on September 9, 1996, approximately two weeks before being served with the complaint on September 24, 1996. The judgment entry pertaining to the dismissal is silent as to the trial court's reasons for dismissing Crane sua sponte.
The Rules of Civil Procedure neither expressly permit nor forbid courts to sua sponte dismiss complaints. State, ex relEdwards v. Toledo City School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106,108. As a general rule, a trial court may dismiss a complaint on its own motion pursuant to Civ.R. 12 (B) (6) only after the parties are given notice of the court's intention and an opportunity to respond. Id. However, an exception exists which allows a sua sponte dismissal when the complaint is frivolous or where the claimant obviously cannot possibly prevail. Id., citingState, ex rel. Seikbert v. Wilkinson (1994), 69 Ohio St.3d 489,490.
In determining whether this is the case, the trial court must presume all factual allegations of the complaint to be true and all reasonable inferences must be made in favor of the party who would otherwise oppose the dismissal. Id.
In this case, however, the trial judge failed to articulate the reasoning behind her decision to dismiss with prejudice the complaint against Crane sua sponte. As a result, this Court is unable to determine, without speculation, the grounds upon which this decision was based. Therefore we must ascertain from the record whether there exists any set of facts, consistent with Appellants' complaint against Crane, which would allow Appellants to recover. York v. Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143,145.
We conclude that there are none. Appellants' complaint against Crane is based on allegations of fraud, negligence and negligent infliction of emotional distress stemming from a transaction or occurrence which took place in 1989. As such, the longest period of time that Appellants could have delayed in filing the complaint was four years. See R.C. 2305.09 (B)-(D). Appellants did not file their complaint until April 9, 1996, well beyond the applicable statute of limitations. As a result, no set of facts, consistent with Appellants' complaint, could possibly cure the fatal procedural reality that all of Appellants' claims against Crane are time barred.
We are mindful, however, that the statute of limitations is an affirmative defense and that the complaint was dismissed prior to Crane even being served. Moreover, the sua sponte dismissal was not accompanied with an explanation as to the reasons for the dismissal. Nonetheless, any error that is implicated by the premature dismissal is harmless. Since Appellants' entire claim against Crane is time barred, a remand to the trial court would be an exercise in futility. See State, ex rel. Edwards, supra at 110. In the interest of judicial economy and ensuring the certainty of judgments we decline to embark on such an exercise.
Finding no merit in the issues presented in Appellants' sole assignment of error, the judgment of the trial court granting summary judgment in favor of Appellee Yuhasz and dismissing the complaint against Appellee Crane is hereby affirmed.
Vukovich, J., concurs.
Donofrio, J., concurs.
APPROVED:
 _____________________________________ CHERYL L. WAITE, JUDGE