The following appeal arises from the decision of the Mahoning County Court of Common Pleas, Domestic Relations Division, which summarily dismissed Barbara Ann Martin's motion to vacate filed pursuant to Civ.R. 60(B) as being untimely filed. For the reasons set forth below, the decision of the trial court is reversed and this matter is remanded for further proceedings.
 I. FACTS
On September 7, 1995, Barbara Ann Martin, appellant, filed for divorce in the Mahoning County Court of Common Pleas, Domestic Relations Division. Lloyd Ray Martin, appellee, filed an answer and counterclaim for divorce on September 25, 1995. A trial on the matter began on April 29, 1996 and continued on April 30, 1996. During the course of the trial however, the parties reached a full and complete agreement on all the issues in contention. Consequently, the trial court adopted the agreement in its judgment entry dated June 14, 1996. In this entry, a divorce was granted and a division of assets was effectuated.
Subsequently, on July 26, 1996, appellant filed a motion to show cause which requested that the trial court find appellee in contempt for failing to comply with the court's previous entry pertaining to the payment of a monetary disbursement. Appellee responded by filing a motion to show cause requesting the trial court to hold appellant in contempt for failing to comply with various provisions set forth in the court's original entry granting the parties a divorce. Upon review of the respective motions, the trial court determined that neither party was in contempt.
On May 22, 1997, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B). Appellant alleged that shortly after the divorce was finalized, she discovered a statement from the parties' account with the Oakmark Fund indicating than appellee had made a $20,000 fund purchase on May 28, 1996. Appellant argued that the purchase was made from funds which had not been disclosed in appellee's financial affidavit to the trial court. It was further alleged that appellant had no reason to believe that appellee had been concealing assets until after the divorce had been finalized. Therefore, appellant requested relief from judgment based upon the grounds provided in Civ.R. 60(B)(1) and (3). Attached to the motion was an affidavit drafted by appellant, a statement from the Oakmark Fund, and appellee's original financial affidavit itemizing his various assets. Additionally, on June 30, 1997, appellant filed a notice with the court in order to make it aware of her intent to have an expert witness present at the hearing on the motion for relief. Appellant specified in her notice that Dr. DeMarzio would be present at the hearing to provide expert testimony.
A hearing on appellant's motion was held on July 7, 1997. At the outset of the hearing, counsel for appellee orally requested that appellant's motion be dismissed as it had not been filed within a reasonable time as required by the Civil Rules. Since appellant had become aware of the $20,000 purchase shortly after the divorce had been finalized but had waited for approximately ten months before seeking relief, appellee argued that there was a failure to meet the requirements of a Civ.R. 60(B) motion. After hearing arguments from counsel on the dismissal, the trial judge took the matter under advisement. In that appellant had not argued in her motion that she had filed within a reasonable time, she was not permitted to present witness testimony to explain why the motion should be considered as timely. The trial court judge further indicated at the hearing that witness testimony would not be permitted as she had a "tight schedule."
On July 24, 1997, appellant filed an additional affidavit in support of her motion for relief from judgment alleging that the motion had been filed within a reasonable amount of time. In the affidavit, appellant attempted to document what witness testimony would have shown if permitted at the prior hearing. Nonetheless, the trial judge issued its judgment entry on August 18, 1997, dismissing appellant's 60(B) motion on the grounds that it had not been filed within a reasonable time as required by the Civil Rules. Although the trial court indicated in its entry that appellant's July 24, 1997 affidavit was not signed or notarized and thus could not be relied upon, a review of the record finds that in fact the copy in the file was properly executed. Appellant filed a timely appeal from the trial court's decision on September 12, 1997.
 II. ASSIGNMENT OF ERROR
Appellant raises a single assignment of error on appeal which reads:
 "THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION TO DISMISS PLAINTIFF-APPELLANT'S 60(B) MOTION FOR RELIEF FROM JUDGMENT FROM FINAL ORDER OF DIVORCE ON GROUNDS THAT PLAINTIFF'S 60(B) MOTION WAS DEFICIENT ON ITS FACE AND NOT TIMELY MADE. (SEE JUDGMENT ENTRY OF AUGUST 14, 1997)"
Appellant argues that she was prevented from presenting evidence at the hearing concerning the reasonableness of the delay in filing the motion for relief from judgment. It is alleged that she was present at the hearing as was her psychologist, Dr. DeMarzio, in order to provide testimony as to the delay between the discovery of the suspected concealment and the actual filing of a motion for relief from judgment. However, the court refused to hear this testimony despite appellee's oral motion to dismiss due to time: restraints. Similarly, appellant takes issue with the trial court's decision not to rely upon the July 24, 1997, affidavit even though it was properly signed and notarized. Appellant contends that the motion was filed within the one year time limit however she was precluded from establishing why it should be considered as being filed within a reasonable time. Therefore, appellant requests that the trial court's decision be reversed and the matter be remanded for a full evidentiary hearing.
 A. APPLICABLE LAW
To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. In re Whitman(1998), 81 Ohio St.3d 239,242, citing GTE Automatic Elec., Inc. v. ARCIndustries, Inc.(1976), 47 Ohio St.2d 146, paragraph two of the syllabus. It is within the sound discretion of the trial court to decide whether to grant a motion for relief from judgment. Strackv. Pelton(1994), 70 Ohio St.3d 172, 174. Absent an abuse of said discretion, the decision of a trial court on a motion for relief from judgment will be affirmed. An abuse of discretion connotes conduct which is unreasonable, arbitrary or unconscionable. Stateex rel. Edwards v. Toledo City School Dist. Bd. of Edn.(1995),72 Ohio St.3d 106, 107.
Civ.R. 60(B) specifies that motions filed pursuant to Civ.R. 60(B)(1) through (3) must be made "not more than one year after the judgment, order or proceeding was entered or taken." However, the rule also orders that the motion must be made "within a reasonable time." This court has previously held that the proper time frame for filing a motion for relief from judgment is not the one-year period but rather a reasonable period of time not to exceed one year. Hanni v. Hanni(June 30, 1992), Mahoning App. No. 91 CA 206, unreported. Furthermore, the burden is on the movant to present proof that the motion was timely made. Id. In order to fulfill this burden, a movant may desire to submit evidentiary materials as support for its motion. Kay v. MarcGlassman, Inc.(1996), 76 Ohio St.3d 18, 20.
In exercising its discretion when addressing a motion for relief from judgment, a trial court must keep in mind that the policy in Ohio is to decide cases on their merits and to afford Civ.R. 60(B) relief where equitable. In State ex rel. Citizensfor Responsible Taxation v. Scioto Cty. Bd. of Elections(1993),67 Ohio St.3d 134, the Supreme Court held that Civ.R. 60(B) is a remedial rule that is to be liberally construed with a view toward effecting a just result. Id. at 136. Furthermore, Civ.R. 60(B) has been viewed as a mechanism to create a balance between the need for finality and the need for "fair and equitable decisions based upon full and accurate information." In reWhitman(1998) 81 Ohio St.3d 239, 242.
 B. ANALYSIS
Based upon a review of the record in the case sub judice, this court is compelled to hold that the trial court abused its I discretion in finding that appellant's motion for relief from judgment should be dismissed. Appellant's motion alleged that she received a statement from the Oakmark Fund which indicated that appellee had made a $20,000 fund purchase on May 28, 1996. Based upon appellee's prior financial affidavit as well as verbal statements, it was unclear to appellant as to how this additional money had been accrued. Appellant further asserted that she had not received the statement until after the divorce had been finalized. Consequently, appellant claimed that because this undisclosed sum of money had not been taken into account during the divorce negotiations, she had a meritorious claim to present if relief was granted. Attached to the motion was a copy of appellee's financial affidavit, a copy of the Oakmark Fund statement, and an affidavit from appellant asserting her belief that appellee had been hiding assets until after the divorce had been finalized. If she had been aware of these funds, appellant asserts she would not have agreed to the division of assets outlined in the trial court's final entry.
Based upon appellant's motion and attachments thereto, the trial judge chose to set the matter for a formal hearing. The Supreme Court has previously held that an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative fact which would warrant relief under Civ.R. 60(B). State ex rel. Richard v. Seidner
(1996), 76 Ohio St.3d 149, 151. Therefore, this court can only assume that the trial court believed appellant's motion contained the proper allegations required of a Civ.R. 60(B) motion in that it did schedule the matter for a hearing.
A hearing having been set, appellant then formally notified the trial court of her intent to have an expert witness present to provide testimony. Appellant identified the expert witness by name in the notice to the court. At the hearing on July 7, 1997, appellant attended the hearing along with her expert witness. However, the record reflects that at the outset of the hearing counsel for appellee orally moved for appellant's motion to be dismissed on grounds that it had not been made within a reasonable time. Prior to this oral motion, appellee had not provided any type of written response to appellant's motion.
A review of the transcript of the hearing reveals that the majority of the court's time was spent addressing appellee's motion to dismiss. The focus of appellee's argument was that appellant had failed to file her Civ.R. 60(B) motion in a timely manner. In that appellant had learned of the existence of the funds in question one month after the divorce was finalized, appellee argues that appellant should not have waited for another ten months to file the motion. By waiting such a prolonged period of time, it is argued that appellant is now unable to meet the timeliness requirement needed for a meritorious claim under Civ.R. 60(B). Appellee attempts to respond to this argument by indicating to the court that she plans to provide testimony as does her psychologist, Dr. DeMarzio, as to the reasons behind the delay in filing. From the brief discussion which is on the record, it appears appellant failed to file the motion for a period of time due to multiple changes in counsel as well as ongoing psychiatric problems.
However, rather than permitting appellant to substantiate her defenses to appellee's oral motion to dismiss, the trial court refused the opportunity to present any witness testimony due to "a tight schedule." This conclusion was reached by the trial court despite appellant's prior notification to the trial court that she would be present at the hearing with an expert witness to provide testimony on the record. These actions by the trial court are clearly arbitrary and unreasonable and thus constitute an abuse of discretion. Although appellant filed her motion for relief from judgment with supporting documentation and properly notified the court of her intent to present expert testimony, appellant was essentially denied an opportunity to be heard. The trial court permitted appellee to present an argument on timeliness but did not provide appellant an opportunity to rebut these arguments even though he had taken appropriate measures to substantiate her position. These actions by the trial court essentially foreclosed appellant's ability to provide an explanation for the delay and thus meet her burden of proof on the Civ.R. 60(B) motion.
Based upon Ohio's policy of determining a case upon its merits, the trial court must afford appellant an opportunity to present testimony, both lay and expert, to support her position once the decision is made to provide a hearing on a Civ.R. 60(B) motion. In order to effectuate a just result, appellant must be afforded the opportunity to defend her position against appellee's attacks.
For the foregoing reasons, the decision of the trial court is reversed and this cause is remanded to the trial court for a full hearing on appellant's Civ.R. 60(B) motion.
Cox, P.J., concurs.
Donofrio, J., concurs.
APPROVED:
 ___________________________________ JOSEPH J. VUKOVICH, JUDGE