OPINION
Appellant, Elvira Villarreal, doing business as Peek-A-Boo Home Daycare, brings this appeal from a judgment of the Fostoria Municipal Court, Small Claims Division, dismissing her complaint against Appellee, Carrie Miller. Finding merit to Appellant's argument, we reverse and remand the matter for further proceedings.
The record indicates that Appellant filed her complaint on September 24, 1999, alleging that Appellee owed $535.69 for certain fees and costs associated with daycare services provided to her grandchild. Appellee did not answer the complaint. Notwithstanding, on October 20, 1999, the trial court issued a judgment entry sua sponte dismissing Appellant's claim on the merits and ordering her to pay costs.
Although the boilerplate entry form does not specify the reason for the dismissal, we presume that the court took such action based upon a letter (referred to as "Exhibit A") written by the Hancock County Department of Human Services which stated that Appellee was not responsible for the aforementioned charges because Appellant failed to comply with a particular section of the Ohio Administrative Code. After an unsuccessful attempt to have the court reconsider the matter, Appellant filed this timely appeal asserting the following as her only assignment of error:
 The dismissal of the Small Claims was against the manifest weight of the evidence specifically in that said dismissal was not required by Defendant's Exhibit A introduced by Defendant.
 Appellant claims herein that the trial court erred in relying on the aforementioned letter as grounds for dismissing the case. We find it unnecessary to address the specific evidentiary value of the "exhibit" since it is clear that the court engaged in an improper sua sponte dismissal.
 Sua sponte dismissals are certainly not per se erroneous. Under R.C. 1925.12, a trial court may, on its own, dismiss a complaint brought in the small claims division upon a plaintiff's failure to prosecute. In addition to the specific rules governing the small claims division of a trial court, the Ohio Rules of Civil Procedure generally apply to these actions. See R.C.1925.16. Civ.R. 41(B)(1) permits a court to dismiss a case with prejudice for failure to prosecute in the absence of a motion requesting such action as long as the affected party has been given notice of the court's intention. Perotti v. Ferguson
(1983), 7 Ohio St.3d 1, 7; Ohio Furniture Co. v. Mindala (1986),22 Ohio St.3d 99, 101.
A court is also generally entitled to dismiss an action on its own pursuant to Civ.R. 12(B)(6) for the failure to state a claim upon which relief may be granted. State ex rel. Edwards v. ToledoCity School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106, 108. However, dismissals under Civ.R. 12(B)(6) are akin to dismissals pursuant to Civ.R. 41(B)(1) in that they are "fundamentally unfair" in the absence of prior notice and an opportunity to respond. Mayrides v. Franklin Cty. Prosecutor's Office (1991),71 Ohio App.3d 381, 383. Accord, State ex rel. Edwards, 72 Ohio St.3d 106,108.
In this case, appellate review is admittedly frustrated due to the trial court's refusal to go beyond the standardized entry form and state a specific reason for the dismissal. Nonetheless, there is no indication that Appellant failed to prosecute the matter. In fact, documents contained in the record suggest that the court summarily dismissed the action despite Appellant's requests for a review of the merits. Thus, we will construe the dismissal as one for failure to state a claim upon which relief may be granted pursuant to Civ.R. 12(B)(6). The record also allows us to presume that this sua sponte dismissal was not preceded by the requisite notice, much less the opportunity to respond. As such, we find Appellant's argument well-taken and sustain her only assignment of error.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby reversed and remanded for further proceedings consistent with this opinion.
Judgment reversed and Cause remanded.
 ______________________________ WALTERS, PRESIDING JUDGE
 HADLEY, P.J., and BRYANT, J., concur.