OPINION
Francine Schiavone appeals from a judgment of the Butler County Court of Common Pleas, Domestic Relations Division, which affirmed in part and reversed in part her Civ.R. 60(B) motion to set aside her divorce decree.
Francine and Dennis Schiavone were married on December 27, 1969. Only one child was born of the marriage, Dennis, who was over twenty-one years of age at the time of the divorce. Francine filed a complaint for divorce on November 23, 1994. On May 30, 1996, the trial court issued a decision awarding Dennis his Public Employees Retirement Services ("PERS") account in full, but awarding to Francine a property settlement of $39,058.66, representing half of the value of Dennis' PERS account at that time.
Francine filed a motion for clarification of the trial court's classification of the $39,058.66 as a "property settlement," because such would have been dischargeable in a bankruptcy proceeding. On November 8, 1996, the trial court amended its decision, reserving the right to modify Francine's property settlement and to "make further disposition" of Dennis' PERS account. The parties filed an agreed judgment entry and final decree of divorce on January 14, 1997, incorporating the trial court's amendments. Dennis, by and through his counsel H. Vincent Walsh, appealed the decree to this court, arguing that the trial court erred by retaining jurisdiction over the property settlement. This court reversed the trial court's decision and found that the trial court could retain its ability to enforce the property settlement, but it could not reserve the right to modify the order[1]. Schiavone v. Schiavone (March 23, 1998), Butler App. No. CA97-02-033, unreported.
The hearing on remand was held on December 31, 1998. The trial court issued a decision on February 1, 1999, which altered several provisions of the January 14, 1997 decree. First, because the trial court could not reserve jurisdiction to amend its order, the trial court awarded Francine one half of Dennis' PERS account in lieu of the property settlement. Second, the trial court stated that Francine's PERS award would be reduced by payments made by Dennis after June 1, 1995 for Francine's loans, including payments made toward the Discover Card debt and for Francine's car.
On February 18, 1999, Francine filed a motion for reconsideration, disputing the trial court's determination that Dennis' Discover Card payments should decrease her PERS award. She contended that Dennis had possessed the card after their separation and had used it for personal purchases, thus he should be responsible for the debt without any effect upon her award.
A hearing was held on the motion on April 30, 1999, during which Dennis claimed responsibility for the Discover Card debt:
 Ms. Schiavone: The motion itself is self explanatory in reference to the Discover card that you have down that I should pay for when actually all the charges after `92 were done by the defendant himself even after the card was supposedly not to be used and so forth and he told me that he did not even have a card and he continued. . .
Mr. Walsh: We give. We'll pay the card.
Mr. Schiavone: No problem, Your Honor.
Mr. Walsh: Done. Pay it off.
Following this hearing, Walsh drafted the decree of divorce, obtained the trial judge's signature, and filed the decree on May 20, 1999. This decree was not signed by Francine; above Francine's signature line Walsh had typed the words "To all of which Plaintiff excepts."
On June 24, 1999, Francine filed a Civ.R. 60(B) motion to set aside the judgment entry, which she styled as a motion to modify the judgment entry. The trial court held a hearing on Francine's motion on October 14, 1999. At the hearing, Francine explained that Walsh had sent this decree to her on May 7, 1999, and she had immediately written back to Walsh to advise him of two errors in the decree. She informed him that the decree erroneously stated that Francine, not Dennis, was responsible for the Discover Card debt, and she objected to Walsh adding the following italicized words, without an order from the trial court or an agreement by the parties, which resulted in a decrease of $17,000 to Francine's PERS award:
 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Court {sic} finds that in allocating the debts of the parties, it has taken into consideration the $14,600 in marital debts which Defendant has paid since the parties separation in 1992. The Court has also taken into consideration the payoff by Defendant of Plaintiff's automobile and that Plaintiff has received the proceeds from the sale of the marital residence, the balance being approximately $2,487.31 and the above $14,600 and the $2,487.31 is to be treated as those listed in the 1st paragraph on page two [which are the provisions that reduce Francine's PERS award].
(Emphasis added.) Over Francine's protests, Walsh submitted the decree to the trial court and the trial court signed it.
Francine argued that the trial court had erred in making her responsible for the Discover Card debt after Dennis had claimed responsibility for its payment at the last hearing. She also argued that Walsh had committed fraud, misrepresentation or misconduct by independently adding language to the decree which credited Dennis with over $17,000 of her PERS award. According to Francine, the previously approved provisions stated that the trial court had considered Dennis' payment of the debts, but no mention was made that he should be given credit for these payments by reducing Francine's PERS award.
At the hearing, Walsh explained his actions:
 Now after your written decision about the property, it was my job to draw the entry. I drew the entry but I had to pull from both opinions and merge them together and keep the sense of it. I believe I did that. I did send her a copy of the entry that I presented to you. I was to present that entry on that date because you were in town. I brought it to you and I put on the signature line above her name "To all of which Plaintiff excepts" and you signed that entry. She didn't file a motion to stop you from signing that entry like she said she was going to do. She didn't. She did nothing. She rested on her laurels. I believe she had a shot. There's nothing new here. She's known about the language in that decree since way back before the decree went on and for weeks and weeks and weeks before the decree went on and now we're here on a 60(b). I see no change of circumstances. I see no warrant for any of that. There can't be any misrepresentation because it's the same decree I sent her. She asked me to change some things. I changed some things. She asked me to change these two things. I said no, I'm not changing it. File a motion. She sent you a letter instead. That's not filing a motion.
During the remainder of the hearing, Francine attempted to address the paragraph that resulted in a $17,000 reduction of her PERS award, but Walsh continually reverted the conversation to the Discover Card issue. The trial court abruptly concluded the hearing, stating that it would take the matter under advisement.
On October 22, 1999, the trial court issued a decision which stated in its entirety:
 This court finds the appropriate remedy is 60A and therefore the previous order is corrected nunc pro tunc to provide that defendant Dennis Schiavone shall be responsible for the Discover card indebtedness. Motion found well taken in part and denied in part.
Francine appeals from that decision, asserting one assignment of error:
 The trial court committed error prejudicial to the Appellant when it ruled that the appropriate remedy to Appellant's Civil Rule 60(B) motion was Civil Rule 60(A) which is a violation of the Civil Procedure Rules.
Francine asserts that the trial court erred by holding that Civ.R. 60(A) was the sole remedy for the errors addressed in her Civ.R. 60(B) motion to set aside the divorce decree. Francine also argues that she had satisfied the requirements for a claim under Civ.R. 60(B), and that it was error for the trial court to overrule her motion because Walsh had committed misconduct or fraud when he independently added words to the trial court's decision. According to Francine, Walsh's actions resulted in a decrease of her PERS award by more than $17,000.
It is within the trial court's discretion to decide whether or not to grant a party's Civ.R. 60(B) motion to set aside a judgment. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20. Thus, absent a showing of an abuse of discretion, a trial court's decision granting or denying a Civ.R. 60(B) motion will not be disturbed on appeal. GTE Automatic Electric, Inc. v. ARCIndustries (1976), 47 Ohio St.2d 146, 148. An abuse of discretion is established by showing that the trial court's attitude was unreasonable, arbitrary and unconscionable. Edwards v. ToledoCity School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106, 107.
Ohio Civil Rule 60 reads as follows:
 (A) Clerical mistakes. Clerical mistakes in judgments * * * and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
 (B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * *. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.
As stated in Elsass v. Elsass (Dec. 29, 1993), Greene App. Nos. 93-CA-0005, 93-CA-0016, unreported, Civ.R. 60(A) applies only to clerical mistakes which involve "blunders in execution" and not substantive mistakes "where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because, on second thought, it has decided to exercise its discretion in a different manner." Id., quotingKuehn v. Kuehn (1988), 55 Ohio App.3d 245, 247, citing Blanton v.Anzalone (C.A. 9, 1987), 813 F.2d 1574, 1577, interpreting Fed.R.Civ.P. 60(a).
A party bringing a motion under Civ.R. 60(B) may prevail only upon demonstrating the following three requirements: (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. GTEAutomatic Electric, Inc., supra, paragraph two of the syllabus.
We find that Francine's motion contained operative facts warranting relief under Civ.R. 60(B). Under the first prong, Francine's burden was only to assert a meritorious claim or defense supported by operative facts, and not to necessarily prevail with respect to the truth of her claim. McCann v.Lakewood (1994), 95 Ohio App.3d 226. Francine asserted that Walsh, who was directed by the trial court to correct the divorce decree to account for Dennis' admission that he was responsible for the Discover Card debt, had instead added new language into the decree which the trial court had not authorized, and to which Francine had not agreed. This language decreased her PERS award by more than $17,000 and credited Walsh's client in that amount. Therefore, we find that Francine had demonstrated a meritorious claim supported by sufficient operative facts.
Additionally, those operative facts supporting her claims went largely uncontested at the hearing, as Walsh did not deny adding the language at issue without Francine's agreement and without court approval. To the contrary, Walsh's statements on the record indicate that he knew what he was doing, but because Francine, who was pro se at the time, "did nothing" and "rested on her laurels," and because she did not file a motion to prevent the trial court from signing the decree, he felt she had no recourse and the decree must stand.
Francine also demonstrated that she had been entitled to relief under the second prong of Civ.R. 60(B). Francine argued that Walsh's act of inserting additional language into the decree without approval or agreement and after Francine had mentioned the errors to him, constituted fraud, misrepresentation or misconduct. We find that Francine fulfilled the second requirement under Civ.R. 60(B), and we agree that Walsh's actions resulted in a very favorable result to his client, costing Francine more than $17,000. Finally, we find Francine's motion to be timely, as it was filed thirty-five days after the decree had been filed with the trial court.
In the October 28, 1998 decision, the trial court sustained Francine's first claim that Dennis was to be responsible for the Discover Card debt, and the trial court corrected this "clerical mistake" under Civ.R. 60(A). Despite Francine's fulfillment of the Civ.R. 60(B) requirements and the existence of the uncontested facts supporting Francine's motion, the trial court did not address the portion of Francine's motion requesting relief based upon Walsh's independent insertion of wording into the decree. We note that when a trial court fails to specifically rule on a motion as it has here, it is presumed that the trial court has overruled that motion. State ex rel. Forsyth v. Brigner (1999),86 Ohio St.3d 299, 300.
Based upon the preceding discussion, we find that the trial court did abuse its discretion in overruling Francine's motion, as it acted arbitrarily in overruling her claim that Walsh had misrepresented the trial court's order by adding the language at issue to the decree. We find that Francine's Civ.R. 60(B) motion should have been granted.Francine's assignment of error is well taken.
GRADY, J. and FAIN, J., concur.
Young, J., Grady, J. and Fain, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), of the Ohio Constitution.
JUDGMENT ENTRY
The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and remanded for the trial court to modify the decree consistent with this court's opinion.
It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
 ___________________________ FREDERICK N. YOUNG, Judge
MIKE FAIN, Judge, THOMAS J. GRADY, Judge
[1] During the appellate process, Francine's attorney withdrew after Francine was unable to continue payments. From that point, Francine proceeded pro se.