OPINION
Plaintiff-appellant, O'Gara, Hess Eisenhardt Armoring Company ("O'Gara"), appeals a decision of the Butler County Court of Common Pleas granting the motion of defendant-appellee, IEE Automotive USA, Inc. ("IEE"), for relief from judgment. The decision of the trial court is affirmed.
IEE is a Delaware corporation, with its principal place of business in Livonia, Michigan. IEE is wholly owned by IEE International Electronics and Engineering S.a.r.l., a Luxembourg corporation. O'Gara is a Delaware corporation with its principal place of business in Butler County, Ohio.
The two companies allegedly entered into a joint venture to develop and market "smart" airbags for automobiles. O'Gara alleges that IEE did not cooperate in the venture, and that on June 30, 1997 the parties entered into an agreement to end their relationship. The agreement allegedly required O'Gara to deliver the business in its entirety to IEE in return for a payment of $380,000. O'Gara alleges that it delivered the business as agreed, but never received the payment it was due under the agreement.
On April 23, 1999, O'Gara filed a complaint seeking to recover payment for the business venture. On May 7, 1999, IEE's president, Hubert Jacobs van Merlen, while on business in Michigan, personally received a copy of the complaint filed by O'Gara. At the time, IEE policy required that all legal matters be referred to corporate counsel in Luxembourg. Upon his return to Luxembourg, van Merlen gave the complaint to his secretary with a note indicating that it should be forwarded to corporate counsel. However, the note was inadvertently placed in a file for IEE Automotive USA, Inc. rather than directed to counsel.
Pursuant to Civ.R. 12, IEE's responsive pleading was due by May 28, 1999. However, because the complaint had been misplaced, no response was filed. On June 8, 1999, O'Gara moved for default judgment. The trial court granted the motion on the following day.
On September 20, 1999, IEE received a copy of the entry granting default judgment and awarding O'Gara $380,000 plus interest. IEE located the original complaint on September 29, 1999 and filed a motion for relief from judgment pursuant to Civ.R. 60(B) on October 18, 1999.
After a hearing on the matter, the trial court granted the motion for relief from judgment. The trial court determined that IEE had a meritorious defense to present, that IEE was entitled to relief under Civ.R. 60(B)(1), and that the motion for relief from judgment had been timely filed. O'Gara appeals raising a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT VACATED PLAINTIFF'S DEFAULT JUDGMENT AGAINST DEFENDANT.
Ohio Civil Rule 60(B) states, in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.
 A party bringing a motion under Civ.R. 60(B) may prevail only upon demonstrating the following three requirements: (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. GTE Automatic Electric, Inc. v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. When timely relief is sought from a default judgment and the movant has a meritorious defense, any doubt should be resolved in favor of the motion to set aside the judgment so that the case may be decided on its merits. Id., paragraph three of the syllabus.
It is within the trial court's discretion to decide whether or not to grant a party's Civ.R. 60(B) motion to set aside a judgment. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20. Accordingly, absent a showing of an abuse of discretion, a trial court's decision granting or denying a Civ.R. 60(B) motion will not be disturbed on appeal. GTE at 148. More than an error of judgment or law, an abuse of discretion indicates that the trial court's decision was unreasonable, arbitrary and unconscionable. Edwards v. Toledo City School Dist. Bd. of Edn.
(1995), 72 Ohio St.3d 106, 107.
O'Gara concedes that IEE's motion was timely made, and that IEE has asserted a meritorious defense to present if relief is granted. However, O'Gara contends that IEE has failed to establish a claim under Civ.R. 60(B)(1). O'Gara argues that IEE's neglect in failing to properly respond to the complaint is inexcusable, and concludes that IEE's motion should therefore be denied.
Generally, the determination of whether conduct constitutes "excusable neglect" involves a consideration of all of the surrounding facts and circumstances. Rose Chevrolet at 21. The court must then balance the need for finality of judgments against the interests of fairness and justice. Id. The inaction of a defendant is not excusable if it can be labeled as a "complete disregard for the judicial system." Kay v. Marc Glassman, Inc.
(1996), 76 Ohio St.3d 18, 20, citing GTE, 47 Ohio St.2d at 153. However, where the failure to file an answer is simply an isolated incident and does not present an ongoing concern, the neglect can be characterized as excusable. Kay at 20.
Upon review of the record, we find that IEE's motion contained operative facts warranting relief under Civ.R. 60(B). IEE did not blankly assert that it was entitled to relief, but rather put forth evidence to substantiate its motion. Appellant's counsel attached three affidavits to its motion which indicate that IEE had a policy in place to handle legal matters, and that the complaint in this matter was inadvertently misfiled. There is no suggestion that IEE's failure to respond to the complaint indicates a disregard for the judicial system. As the record supports IEE's claim of excusable neglect, we find no abuse of discretion by the trial court in its decision granting the motion for relief from judgment. Appellant's assignment of error is overruled.
POWELL, P.J., and WALSH, J., concur.