DECISION AND JUDGMENT ENTRY
Appellant, Eugene French, appeals from the decision of the Ironton Municipal Court granting appellee Jerry Taylor's motion for relief from judgment under Civ.R. 60(B). He raises three assignments of error:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN SUSTAINING DEFENDANT-APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT IN LIGHT OF THE MOVANT'S FAILURE TO SHOW ADEQUATE GROUNDS FOR RELIEF.
 SECOND ASSIGNMENT OF ERROR
 THE MOTION TO VACATE THE DEFAULT JUDGMENT WAS NOT FILED TIMELY.
 THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE RELIEF FROM JUDGMENT WITHOUT A SHOWING THAT HE HAD A MERITORIOUS CLAIM OR DEFENSE.
We find that the trial court abused its discretion in granting appellee's Civ.R. 60(B) motion for relief from judgment without first conducting a hearing. Therefore, we reverse the judgment of the trial court and remand the case for further proceedings.
In November, 1999, appellant filed a complaint in the Lawrence County Municipal Court alleging that the appellee had performed faulty construction work on a new garage for appellant. Appellant requested money damages in the amount of $12,030.00. Appellee failed to file an answer or make an appearance in the case. On January, 10, 2000, the appellant filed a motion for default judgment that the court granted. The judgment was certified to the Lawrence County Common Pleas Court for execution. On June 28, 2000, appellee filed his Civ.R. 60(B) motion for relief from judgment. Appellee claimed he had attempted to contact appellant's attorney, believing the case could be resolved without litigation. He also contended that the construction work was not faulty. A hearing on the motion was scheduled for August 8, 2000. However, prior to the date of the hearing, the magistrate filed a decision that recommended granting the motion for relief from judgment. Appellant filed objections, after which, the trial court accepted the magistrate's recommendation and granted appellee's motion. Appellant timely appealed.
Our review of a trial court's decision on a Civ.R. 60(B) motion is based upon an abuse of discretion standard. State ex rel. Richard v.Seidner (1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134, 1136; RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564,566. An abuse of discretion involves more than error in judgment; it connotes conduct on the part of the court that is unreasonable, unconscionable, or arbitrary. State ex rel. Edwards v. Toledo City SchoolDist. Bd. of Edn. (1995), 72 Ohio St.3d 106, 107, 647 N.E.2d 799, 801;Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140,1142. An appellate court will not find an abuse of discretion simply because it could reach a different conclusion if it were deciding the case de novo. Dunkle v. Dunkle (1999), 135 Ohio App.3d 669, 675,735 N.E.2d 469, 473. We are also mindful of the fundamental principle that courts in Ohio should strive to decide cases upon the merits, rather than procedural grounds. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 79,514 N.E.2d 1122, 1126.
Civ.R. 60(B) states in part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: mistake, inadvertence, surprise or excusable neglect[.]
* * *
 The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.
In order to prevail on a motion for relief from udgment, the moving party must demonstrate: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec.v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. If the moving party fails to meet any one of the requirements, the court should deny the motion. Strack v. Pelton
(1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914, 915.
Appellant first contends that the appellee failed to show adequate grounds for relief. Appellee filed his motion for relief from judgment based on Civ.R. 60(B)(1), citing inadvertence and mistake as his grounds for relief. Appellee attached an affidavit to the motion, stating his belief that since he had attempted to contact the appellant's attorney, he did not need to file an answer in response to the complaint. Based on this belief, he failed to retain an attorney or to respond to the complaint. Apparently, the trial court found this to be enough to establish inadvertence and mistake.
In his second assignment of error, appellant contends that the 60(B) motion was not timely filed because it was filed more than six months from the time of judgment.[1] The specific language in Civ.R. 60(B) requires that a motion for relief from judgment be filed within a reasonable time and for a motion filed under either Civ.R. 60(B)(1), (2) or (3), to be filed not more than one year after the judgment. The judgment entry was filed on January 10, 2000. On June 28, 2000, appellee filed his motion under Civ.R. 60(B)(1) based on mistake and inadvertence. He asserted that the delay was due to his misunderstanding that contacting appellant's attorney was sufficient and he need not file anything with the court or retain an attorney of his own. Based on these allegations, the trial court apparently felt the delay was reasonable. Appellee contends that since the language of Civ.R. 60(B) sets out a one-year time limitation for motions filed under Civ.R. 60(B)(1), (2), or (3), the motion was timely filed. However, under the rule, one year is an outside time limitation and the motion must still be filed within a "reasonable time." A reasonable time must be determined under the facts of each case. To determine whether the motion was filed within a reasonable time, the trial court needed to hear the evidence and confirm the facts alleged in appellee's motion.
Finally, appellant contends that the motion should not have been granted due to the failure of appellee to present a meritorious claim or defense. Appellee attached a signed affidavit to his motion for relief from judgment. In the affidavit, he claims the work was "performed in a workman-like" manner. These facts, if proven, provide a defense to appellant's claims. The movant's burden is to allege operative facts that would create a defense. The movant need not conclusively establish the defense at this stage. Although a movant is not required to support its motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief. Kay v. MarcGlassman, Inc. (1996), 76 Ohio St.3d 18 at 20.
In Coulson v. Coulson (1983), 5 Ohio St.3d 12, 16, 448 N.E.2d 809,812, the Ohio Supreme Court set out the procedure to use in this context: "If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion." Here, the appellee alleged operative facts that should have been verified by the court through a hearing on the evidence. Under Kay and Coulson, the trial court should have conducted a hearing to verify the appellee's claims. We conclude that the trial court abused its discretion by ruling on the motion without first conducting a hearing to determine if there was some factual support for the allegations in the motion.
Appellant's assignments of error are sustained in toto and the matter is remanded for a hearing to determine if there is some factual support for appellee's motion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ironton Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Evans, J.: Concur in Judgment and Opinion.
[1] The motion was actually filed less than six months from the date of the judgment entry. However, this technicality is not relevant to our determination.