DECISION AND JOURNAL ENTRY.
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made.
{¶ 1} Appellant, FirstEnergy Services Corporation ("FSC"), appeals from a judgment entry of the Medina County Court of Common Pleas, which awarded contract damages to Appellee, Remington Products Company ("Remington"). We affirm.
 I. {¶ 2} We begin by noting that this case was tried to a magistrate. Objections to the magistrate's decision were made to the trial court; however, the transcript of the hearing before the magistrate was not provided to the trial court with the objections. Although FSC filed a transcript of the proceedings on appeal, we cannot consider a transcript of the magistrate's hearing that was not before the trial court when it considered the objections to the magistrate's decision. SeeMolnar v. Molnar (June 20, 2001), 9th Dist. No. 3102-M; Mollica v.Mollica, 9th Dist. No. 02CA0079-M, 2003-Ohio-3921, at ¶ 6.
"Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Civ.R. 53(E)(3)(b).
 {¶ 3} When a trial court adopts a magistrate's report and a party objecting to the report failed to provide the trial court with independent evidence and documents refuting the report, appeal from the trial court's decision can only be reviewed by an appellate court to determine whether the trial court's application of the law to the factual findings constitutes an abuse of discretion. State ex rel. Duncan v.Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730. An appellate court determines whether a trial court abused its discretion by adopting a magistrate's report in light of the evidence before the trial court. AtcoMed. Prod., Inc. v. Stringer (Apr. 8, 1998), 9th Dist. No. 18571, at 4. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State ex rel. Edwards v. Toledo City School Dist. Bd. ofEdn. (1995), 72 Ohio St.3d 106, 107. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. Because FSC filed no transcript with its objections, we will address the assignment of error only insofar as it raises legal challenges that were preserved for appellate review through timely objections in the trial court. Mollica, supra, at ¶ 6.
 {¶ 4} The magistrate's conclusions of law stated that: Remington reasonably relied to its detriment on representations made by FSC that Remington would receive natural gas from FSC from November 1, 2000, through October 31, 2003, at the rate of $4.87 per Mcf; FSC failed to provide Remington with natural gas under the represented terms until sometime in March of 2001; as a result of FSC's misrepresentation and breach of contract, Remington paid $14,452.91 more for natural gas than it would have if FSC had provided the gas at the rate of $4.87 per Mcf. The magistrate entered judgment in favor of Remington in the amount of $14,452.91 with 10% per annum interest from April 1, 2001, and assessed costs to FSC. Upon objections, the trial court found that the magistrate's decision contained no error of law or other defect and affirmed the decision. The trial court entered judgment in favor of Remington for $14,452.91 plus 10% per annum interest from April 1, 2001 and assessed costs to FSC.
 {¶ 5} FSC timely appealed, raising one assignment of error.
 II. Assignment of Error
"The trial court erred by using a sales proposal to judicially rewrite the plain language of the parties' contract."
 {¶ 6} FSC argues that the contract consists of the sales agreement and the customer consent form and those two documents contain the full agreement of the parties. FSC states that the magistrate went outside those two documents to find terms of agreement contained within a proposal document that was faxed to Remington along with the sales agreement and customer consent form; thus, the magistrate judicially rewrote the contract when it found a misrepresentation and breach of contract on the part of FSC and reliance on the part of Remington. FSC claims that the magistrate's conclusions are contrary to the plain language in the contract, and FSC should have been granted a judgment as a matter of law. We disagree.
 {¶ 7} Generally, courts presume that the intent of the parties can be found in the written terms of their contract. Shifrin v. Forest CityEnt., Inc. (1992), 64 Ohio St.3d 635, 638. In construing a written instrument, the general rule is that contracts should be construed so as to give effect to the intention of the parties. Employers' LiabilityAssurance Corp. v. Roehm (1919), 99 Ohio St. 343, syllabus; Skivolockiv. East Ohio Gas Co. (1974), 38 Ohio St.2d 244, paragraph one of the syllabus. Where the parties, following negotiations, make mutual promises which thereafter are integrated into an unambiguous written contract, duly signed by them, courts will give effect to the parties' expressed intentions. Henderson-Achert Lithographic Co. v. John Shillito Co.
(1901), 64 Ohio St. 236, 252.
 {¶ 8} It is uncontested that FSC faxed three documents to Remington: a proposal, a sales agreement, and a customer consent form. The documents were part of the record before the trial court upon objections. The only document of the three that was signed by Remington was the customer consent form. The customer consent form states, inpart;
"I hereby sign this written agreement for the purchase of natural gas supply containing the terms and conditions which are incorporated hereinby reference of service with my Supplier, FirstEnergy Services Corp. (FE). I understand and agree to those terms, and agree to participate in the program as a transportation delivery service customer. My Supplier is entitled to obtain my historic and current gas usage data from East Ohio Gas." (Emphasis added.)
 {¶ 9} Therefore, the customer consent form, on its face, declares that the terms and conditions are to be found elsewhere without specification.
 {¶ 10} The sales agreement document does not bear signatures from either party. Further, the sales agreement contains inconsistent language pertaining to the length of the purchase agreement. A section titled "Buyer's Obligation and Term" states that the "Buyer will purchase his or her full natural gas requirements for Buyer [from FSC] for one year[.]" Beneath that section, the buyer is directed to check one of two options: a fixed price of five dollars and thirty-nine cents per Mcf for one year; or, a fixed price of four dollars and eighty-seven cents per Mcf for three years. The three year option is checked off as Remington's choice.
 {¶ 11} The third document at issue, the proposal, states, "The price delivered * * * shall be $4.87 per Mcf starting November 1, 2000 through October 31, 2003 (3-year deal)[.]" The language of the proposal is consistent with the checked off option from the sales agreement.
 {¶ 12} FSC's assertion that the magistrate impermissibly rewrote the contract is not persuasive in light of the circumstances. The only signed document is the customer consent form and it does not contain the terms of price or duration which are contained within the other two documents. Further, the customer consent form, on its face, states that it incorporates terms and conditions from elsewhere. Therefore, the magistrate found it necessary to look at the sales agreement and the proposal to ascertain the intent of the parties and the terms of the contract. In light of the evidence before the trial court, we find no abuse of discretion in the trial court's adoption of the magistrate's decision.
 {¶ 13} FSC's assignment of error is overruled.
 III. {¶ 14} The sole assignment of error is overruled. The decision of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
CARR, J. and WHITMORE, J. concur.